### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| ZELMA TROUPE, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **5:09-CV-00098 (CAR)** |
| | : | |
| | : | |
| C&S WHOLESALE GROCERS, INC. | : | |
| d/b/a PIGGLY WIGGLY | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand [Doc. 5] in which Plaintiff contends that

the amount in controversy in the present case does not exceed the minimum amount required by

Title 28 U.S.C. § 1332(a)(1) and that this Court therefore lacks subject matter jurisdiction.

Defendant filed a timely Response [Doc. 8] to the motion.  No reply was filed.  Because Defendant

has carried its burden of proving that, if Plaintiff prevails, her damages will "more likely than not"

exceed the minimum jurisdictional amount, Plaintiff's Motion to Remand is hereby **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The present action arises from Plaintiff Zelma Troupe's slip and fall on premises owned and

operated by Defendant C&S Wholesale Grocers and was originally filed in the State Court of Bibb

County, Georgia.  In the Complaint filed in the State Court, Plaintiff asserts that she suffered "severe

physical injuries" and "excruciating and severe physical distress" as a result of Defendant's

negligent inspection and maintenance of its premises.  She seeks damages for medical expenses in

an amount "in excess of $13,637.00" and prays for an additional award of "all damages allowed under Georgia Law including, but not limited to, recovery for special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial." Plaintiff further seeks to recover punitive damages, the cost of litigation, and "such other and further relief as this court deems just and proper." Upon review of the Complaint, Defendant filed a timely Answer and Notice of Removal of the action to this Court. Plaintiff then filed the present motion seeking remand and an award of payment of just costs, actual expenses, and attorney fees incurred.

## DISCUSSION

Any action initially brought in state court may be removed if "the district courts of the United States have original jurisdiction." Title 28 U.S.C. § 1441(a). "One category of civil actions with such original jurisdiction is those between 'citizens of different states' where the amount in controversy 'exceeds the sum or value of $75,000.'" Pease v. Medtronic, Inc., 6 F. Supp.2d 1354, 1356 (S.D. Fla.,1998); Title 28 U.S.C. § 1332(a)(1). At issue in this case is whether the amount in controversy exceeds that required for this Court to exercise federal subject matter jurisdiction under Title 28 U.S.C. § 1332(a)(1).

The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts; thus, in this case, Defendant bears the burden of establishing that the requisite jurisdictional amount has been met. See Tapscott v. MS Dealer Service Corp.,77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). This burden may be a heavy one. The United States Court of Appeals for the Eleventh Circuit has held that, when a plaintiff makes a *specific* demand for judgment for less

than the jurisdictional amount, the defendant is required to prove to "a legal certainty" that the amount in controversy actually exceeds the jurisdictional minimum. Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir.1994). Under this standard, a defendant may be permitted to remain in federal court under this standard only if he shows that the case is clearly worth more than the jurisdictional threshold. See id. at 1095-96.

This is not the sole standard of review, however. Alternatively, where a plaintiff has made an *unspecified* demand for damages in state court, a removing defendant must only prove that the amount in controversy "by a preponderance of the evidence." Tapscott ,77 F.3d at 1357. Thus, if the damages are unspecified in the Complaint, the defendant's burden is only to prove that the actual damages will "more likely than not" exceed the minimum jurisdictional amount. Id.

Here, Defendant claims to fall within the second, lesser burden of proof. This Court agrees. Plaintiff's Complaint clearly identifies a specific amount of damages, $ 13,637.00, but this amount refers only to the damages sought for Plaintiff's medical expenses. In fact, the Complaint states that Plaintiff's medical expenses are actually something "in excess" of this amount. Plaintiff also seeks to recover an *unspecified* amount for punitive damages and all other "damages allowed under Georgia Law including, but not limited to, recovery for special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial" and "such other and further relief as this court deems just and proper." Accordingly, the Court finds that Plaintiff's damages are unspecified, and thus Defendant needs only prove that, if Plaintiff prevails, her damages will "more likely than not" exceed the minimum jurisdictional amount.

The question, however, is whether Defendant has satisfied even this lesser burden. Generally, when a complaint does not claim a specific amount of damages, "removal from state

court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001). In the event that the jurisdictional amount is not facially apparent on the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

The jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries. See id. at 1320. Here, however, the amount controversy is not so apparent. Simply put, there is no way to determine from the Complaint whether Plaintiff has been so badly injured as to make an award of over $75,000 more likely than not. Plaintiff's Complaint merely asserts that she suffered "severe physical injuries" and "excruciating and severe physical distress" as a result of Defendant's negligence, specifies damages for medical expenses "in excess of $13,637.00," and prays an award of "other special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial." There simply nothing on the face of the Complaint to suggest that she will seek recovery for long-term medical expenses, permanent disability and disfigurement, or loss of wages or diminished earning capacity. Cf., Williams, 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did *not* render it facially apparent that the amount in controversy exceeded

4

$75,000).

Defendant's Notice of Removal provides more assistance, however.  The Notice and attached copies of Plaintiff's medical records include additional information about the extent of Plaintiff's injuries: describing the amount of lower back and leg pain Plaintiff endures, detailing her efforts at pain management (including undergoing physical therapy, chiropractic manipulation, and spinal blocks), and showing that her pain continues even a year after the alleged incident.  The Court may in fact consider this type of evidence.  See Williams, 269 F.3d at1319 (finding that evidence relevant to the amount in controversy at the time the case was removed may be considered) (relying on Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir.1995)).

According to the medical records, Plaintiff claims to have fallen on her left hip and back while in the Defendant's store and that this incident is believed to have aggravated a pre-existing back injury. The records further indicate that Plaintiff complained of severe, unrelenting pain (sometimes categorized as an 8, 9, or 10 on a 10 point scale) which could not be controlled with medication, that such pain persisted even more than a year after her fall, and that she is possibly still incurring medical expenses for pain management.  The records also indicate that Plaintiff lives alone, is self-employed, and owns her own house cleaning service.  She has stated that her pain is exacerbated by lifting, bending, stooping, prolonged standing – all of which were required in her profession as a house cleaner.  Plaintiff in fact told her physicians that she was forced to reduce the number of houses that she could clean because of her back condition and that she had to discontinue personal activities such as exercising, which also aggravated her pain.  Such assertions, if proven,

suggest that, if she prevails, Plaintiff will likely be able to recover unspecified damages for long term medical expenses, loss of wages and earning capacity, mental and physical pain and suffering, and loss of enjoyment of life in addition to Plaintiff's specified claim for medical expenses in excess of $13,637.00 and claim for punitive damages.

Given this additional information, the Court concludes that Defendant has satisfied its burden of establishing that the special, general, and punitive damages in this case, if proven, will "more likely than not" exceed the minimum jurisdictional amount. See Williams, 269 F.3d at 1320 (jurisdictional amount may be satisfied where plaintiff has likely incurred damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries). Plaintiff's Motion to Remand is accordingly **DENIED**.

SO ORDERED this 2nd day of July, 2009.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL
> United States District Judge

jlr